**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY, | : | |
| on behalf of itself and all others | : | |
| similarly situated, | : | |
| Plaintiffs | : | Civil Action No. 1:12-cv-00993 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ORRSTOWN FINANCIAL | : | |
| SERVICES, INC., et al., | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

This federal class action was filed on behalf of purchasers of the common stock of

Orrstown Financial Services, Inc. ("Orrstown") in connection with Orrstown's February 23,

2010 Registration Statement and March 24, 2010 Prospectus Supplement, seeking to pursue

remedies under the Securities Act of 1933, and on behalf of purchasers of Orrstown stock

between March 24, 2010 and October 27, 2011, inclusive (the "Class Period"), seeking to pursue

remedies under the Securities Exchange Act of 1934.[1]  Presently pending before the Court is a

motion for appointment as lead plaintiff and for approval of lead counsel filed by Southeastern

Pennsylvania Transportation Authority ("SEPTA").  (Doc. No. 28.)  For the reasons that follow,

the Court will grant the motion.

---

[1] The complaint identifies two classes: (1) the Securities Act Class, comprised of
purchasers of Orrstown common stock in connection with the February 23, 2010 Registration
Statement and the March 24, 2010 Prospectus Supplement; and (2) the Exchange Act Class,
comprised of those who purchased Orrstown common stock between March 24, 2010 and
October 27, 2011.  (Doc. No. 1 ¶¶ 2-3.)  SEPTA is a member of both classes, and, for ease of
reference, the Court will refer to both classes simply as "the class."  (See Doc. No. 29 at 2 n.1.)

I.     **BACKGROUND**

According to the allegations of the complaint, Orrstown is a Pennsylvania holding company that owns and supervises its wholly owned subsidiary Orrstown Bank ("the Bank"). (Doc. No. 1 ¶ 18.)  The state-chartered Bank has twenty-one branches, twenty of which are located in Pennsylvania, and provides community banking services, including issuing consumer, commercial, residential, and agribusiness loans, within its geographic markets.  (Id. ¶ 19.)

SEPTA's claims arise from Orrstown's common stock offering of 1,481,481 shares in March 2010.  (Id. ¶ 50.)  SEPTA alleges that, throughout the Class Period, Defendants issued materially false and misleading statements – including in the February Registration Statement and the March Prospectus Supplement – regarding the Bank's lending practices and financial results.  (Id. ¶¶ 1, 5, 47, 51-59.)  Specifically, Defendants allegedly failed to disclose to investors that: (1) the Bank's loan portfolio primarily consisted of risky, impaired loans; (2) the Bank's underwriting and credit administration policies, procedures, and controls were not stringent or conservative; (3) the Bank's credit risk management practices were not adequate; (4) the Bank failed to maintain internal controls and programs that would identify adequate allowances for loan and lease losses; and (5) the Bank's management was not sufficient.  (Id. ¶¶ 5, 7, 47, 54; see also Doc. No. 29 at 7.)  Moreover, SEPTA alleges that Orrstown purposefully misled purchasers of the common stock about these matters, thereby causing the stock to trade at artificially inflated prices during the Class Period.  (Doc. No. 1 ¶¶ 5, 10, 116, 122, 129, 133.)

SEPTA asserts that investors were not aware of Orrstown's practices and financial status until Orrstown released financial quarterly results and a letter to investors on October 27, 2011. (Id. ¶ 6; see also Doc. No. 29 at 8.)  On this date, "Orrstown shocked the market with news that

2

because of its tremendous losses, it was suspending its dividend indefinitely at the direction of

the federal banking regulator.  In reaction to this news . . . Orrstown's share price fell by $3.91

per share, or 29.6% . . . ."  (Doc. No. 1 ¶ 6.)  According to SEPTA, "it was the news of regulator

involvement coupled with poor financial results that devastated the stock price."  (Id.)

SEPTA purchased 14,574 shares of Orrstown common stock, expending total net funds

of $369,053.37 during the Class Period.  (Doc. No. 29 at 13.)  Due to the artificial inflation of

the cost of these shares, SEPTA allegedly suffered losses of approximately $250,404.  (Id. at 13-

14.)

## II.    APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that within

twenty days of filing a class action, the filing plaintiff "shall cause to be published, in a widely

circulated national business-oriented publication or wire service, a notice advising members of

the purported plaintiff class" of the following information: (1) the pendency of the action; (2) the

claims asserted; (3) the purported class period; and (4) the members' right to move the court to

serve as lead plaintiff of the purported class "not later than 60 days after the date on which the

notice is published."  15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i).  After considering all

motions for appointment as lead plaintiff filed in response to the notice, the district court shall

then "appoint as lead plaintiff the member or members of the purported plaintiff class that the

court determines to be most capable of adequately representing the interests of class members . .

. ."  15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).  Under the PSLRA, there is a rebuttable

presumption that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to
> a notice under subparagraph (A)(I);

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. §§ 77-z1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. §§ 77-z1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

SEPTA filed the complaint instituting this action on May 25, 2012.  (Doc. No. 1.)  On the same date, SEPTA published notice of this action on the PRNewswire in accordance with Sections 77z-1(a)(3)(A)(i) and 78u-4(a)(3)(A)(i).  (Doc. No. 29 at 5.)  SEPTA thereafter timely filed its motion to serve as lead plaintiff on July 24, 2012, wherein it contends that it is the most adequate plaintiff for the following reasons: (1) no other investor has filed a complaint against Defendants alleging securities violations; (2) it has the largest financial interest in the relief sought by the class; (3) its claims are typical of the claims of the class; and (4) it will adequately represent the class.  (Doc. No. 29 at 11-18.)  Indeed, SEPTA is the only investor to have filed a complaint arising from the above-described factual allegations, and no party has questioned that SEPTA has the largest financial interest in the relief sought by the class.  Thus, the Court must only decide whether SEPTA meets the requirements of Rule 23 of the Federal Rules of Civil Procedure in accordance with 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I) and 78u-4(a)(3)(B)(iii)(I).

Rule 23(a) requires that a class satisfy four criteria: numerosity, commonality, typicality, and adequacy.  Fed. R. Civ. P. 23(a).  Of these criteria, however, "only two – typicality and

adequacy – directly address the personal characteristics of class representative." In re Fuwei

Films Sec. Litig., 247 F.R.D. 432, 436 (S.D.N.Y. 2008).  "Consequently, in deciding a motion to

serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the

adequacy and typicality requirements under Rule 23 have been met."  Id.

       The typicality requirement is satisfied "if each class member's claim arises from the same

course of events, and each class member makes similar legal arguments to prove the defendant's

liability."  Id.  The claims of the lead plaintiff, however, "need not be identical to the claims of

the class to satisfy the typicality requirement."  Id.; see also In re Warfarin Sodium Antitrust

Litig., 391 F.3d 516, 531-32 (3d Cir. 2004).  Here, the Court finds that SEPTA's claims arise

from the same alleged wrongful conduct as other members of the class, and the claims also arise

from the same legal theories.  Accordingly, the typicality requirement is satisfied.

       The adequacy requirement is satisfied where the lead plaintiff is able to "fairly and

adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The United States Court

of Appeals for the Third Circuit has recognized "that the adequacy inquiry . . . has two

components designed to ensure that absentees' interests are fully pursued.  First, the adequacy

inquiry tests the qualifications of the counsel to represent the class.  Second, it seeks to uncover

conflicts of interest between named parties and the class they seek to represent."  Warfarin

Sodium Antitrust Litig., 391 F.3d at 532 (internal citations and quotation marks omitted).  The

Court finds that SEPTA satisfies the adequacy requirement, as it has obtained counsel

experienced in prosecuting securities class actions, its claims are typical of the claims of the

class as a whole, and there are no apparent conflicts of interest.[2]

In consideration of the foregoing, SEPTA has established a presumptive case that it is the most adequate lead plaintiff, and no party has attempted to rebut this presumption.  Therefore, the Court will appoint SEPTA as lead plaintiff in this action.

## III.   APPOINTMENT OF LEAD COUNSEL

Under 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  Lead plaintiff SEPTA has selected the law firm of Chimicles & Tikellis LLP to serve as lead counsel.  (Doc. No. 29 at 18.)  In support of this request, Christina Donato Saler, Esquire, of Chimicles & Tikellis, has submitted a detailed outline setting forth her firm's experiences as counsel in securities class actions.  (Doc. No. 28-3.)  According to the outline, Chimicles & Tikellis's "securities practice group comprises seasoned attorneys with extensive trial experience who have successfully litigated cases against some of the nation's largest corporations" and "has been responsible for recovering over $1 billion for institutional and individual investors who have been victims of securities fraud."  (Doc. No. 28-3 at 51.)  Its outline also includes detailed information regarding several securities class actions in which the firm served as lead counsel.  (Id. at 53-57.)  Accordingly, the Court finds that Chimicles & Tikellis is qualified to serve as lead counsel in this action and will approve SEPTA's selection of the firm as lead counsel.

**ACCORDINGLY**, on this 20th day of August 2012, **IT IS HEREBY ORDERED THAT**:

---

[2] The Court notes that its "preliminary . . . findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification."  In re Deutsche Bank AG Sec. Litig., No.09-cv-1714, 2009 WL 4277202, at *3 (S.D.N.Y. Nov. 23, 2009).

1.   Southeastern Pennsylvania Transportation Authority's motion for appointment as lead plaintiff and for approval of selection of lead counsel (Doc. No. 28) is **GRANTED**;

2.   Southeastern Pennsylvania Transportation Authority is **APPOINTED AS LEAD PLAINTIFF**;

3.   The selection of Chimicles & Tikellis LLP as lead counsel is **APPROVED**; and

4.   A telephonic scheduling conference will be held on September 27, 2012, at 11:00 a.m., to address the matters identified in the Court's June 28, 2012 order.  Counsel for Southeastern Pennsylvania Transportation shall initiate the call.  The telephone number of the court is (717) 221-3990.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania