# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, on behalf of itself and all others similarly situated, | Civil Action No.  1:12-CV-00993-YK |
| Plaintiff, | |
| v. | |
| ORRSTOWN FINANCIAL SERVICES, INC., *et al.,* | |
| Defendants. | |

## ORRSTOWN'S BRIEF IN OPPOSITION TO SEPTA'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Dated:  April 25, 2019

WHITE AND WILLIAMS LLP
David J. Creagan
Justin K. Fortescue
David E. Edwards
PA I.D. # 70904/203999/67961
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103
215-864-7032/6823/7166

*Attorneys for Orrstown*

# Table of Contents

**Page**

I.     This is a proper case in which to deny leave to amend.................................... 3

II.    Filing SEPTA's proposed TAC would be futile. ........................................... 6

    A.     The previously dismissed Securities Act claims are absolutely barred by the 1933 Act's statute of repose. .................................................... 6

    B.     The previously dismissed Exchange Act claims against Zullinger, Shoemaker, Snoke, and Coy are absolutely barred by the 1934 Act's statute of repose. ................................................................................... 8

    C.     SEPTA may not assert relation back to evade a statute of repose. .... 10

    D.     The TAC is superfluous..................................................................... 12

III.   The proposed TAC is unduly delayed. ........................................................ 13

IV.    The proposed TAC is unduly prejudicial...................................................... 15

V.     Conclusion..................................................................................................... 20

22654371v.2

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. Gould, Inc.*,
   739 F.2d 858 (3d Cir. 1984).............................................................................. 14

*Brennan v. Kulick*,
   407 F.3d 603 (3d Cir, 2005)................................................................................ 8

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
   __ U.S.__, 137 S. Ct. 2042 (2017)........................................................... 6, 7, 8, 9

*Cal. Public Employees' Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004)................................................................................ 4

*Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*,
   721 F.2d 68 (3d Cir. 1983).................................................................................. 8

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
   252 F.3d 267 (3d Cir. 2001)................................................................. 3, 14, 15, 16

*De Vito v. Liquid Holdings Group, Inc.*,
   No. 15-6969, 2018 U.S. Dist. LEXIS 217963 (D.N.J. Dec. 31,
   2018)............................................................................................................ 10, 11

*Fraser v. Nationwide Mut. Ins. Co.*,
   352 F.3d 107 (3d Cir. 2003).......................................................................... 3, 13

*Glaser v. Enzo Biochem, Inc.*,
   464 F.3d 474 (4th Cir. 2006)............................................................................ 14

*Gould v. Schmidt & Kramer, P.C.*,
   No. 4:12-cv-0852, 2012 U.S. Dist. LEXIS 85329 (M.D. Pa. June
   20, 2012)......................................................................................................... 11

*In re Bisys Sec. Litig.*,
   496 F. Supp. 2d 384 (S.D.N.Y. 2007)............................................................... 13

*In re Libor-Based Fin. Instruments Antitrust Litig.*,
   299 F. Supp. 3d 430 (S.D.N.Y. 2018)............................................................... 18

22654371v.2

*In re Petrobras Sec. Litig.*,
    14-cv-9662, 2016 U.S. Dist. LEXIS 76844 (S.D.N.Y. May 4,
    2016)............................................................................................................ 19

*Insulation Corp. of Am. v. Huntsman Corp.*,
    No. 98-6336, 2000 U.S. Dist. LEXIS 481 (E.D. Pa. Jan. 18, 2000).................. 15

*Jablonski v. Pan. Am. World Airways, Inc.*,
    863 F.2d 289 (3d Cir. 1988)............................................................................ 13

*Lorenz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993).......................................................................... 14, 15

*McKnight v. Kimberly Clark Corp.*,
    149 F.3d 1125 (10th Cir. 1998)....................................................................... 14

*New York ex rel. Khurana v. Spherion Corp.*,
    No. 15 Civ. 6605, 2019 U.S. Dist. LEXIS 46153, (S.D.N.Y. Mar.
    20, 2019).................................................................................................... 4, 5

*North Sound Capital LLC v. Merck & Co.*,
    702 Fed. Appx. 75 (3d Cir. 2017) ...................................................................... 9

*Off. Comm. of the Unsec. Creds. of Color Tile, Inc. v. Coopers &
    Lybrand*,
    322 F.3d 147 (2d Cir. 2003) .............................................................................. 4

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815, 119 S. Ct. 2295, 144 L. Ed. 2d 715 (1999)................................ 10

*Quarles v. Palakovich*,
    No. 3:07-cv-1905, 2011 U.S. Dist. LEXIS 122566 (M.D. Pa. Oct.
    24, 2011)......................................................................................................... 13

*Riley v. Taylor*,
    62 F.3d 86 (3d Cir. 1995)................................................................................. 13

*Rolo v. City Investing Co. Liquid. Trust.*,
    155 F.3d 644 (3d Cir. 1998)........................................................................ 14, 15

*Silvercreek Mgmt. v. Citigroup, Inc.*,
    248 F. Supp.3d 428 (S.D.N.Y. 2017)............................................................... 11

*Spina v. Refrigeration, Serv. & Eng'g.*,
    No. 14-4230, 2014 U.S. Dist. LEXIS 142358 (E.D. Pa. Oct. 7,
    2014) ................................................................................................................ 18

*Tri-County Concerned Citizens Ass'n Carr.,* No. Civ. 98-CV-4184,
    2000 U.S. Dist. LEXIS 17872 (E.D. Pa. Dec. 11, 2000) ................................... 15

*Weitzner v. Sanofi Pasteur Inc.*,
    909 F.3d 604 (3d Cir. 2018) ............................................................................... 8

*Williams v. Rider*,
    No. 1:12-cv-1566, 2014 U.S. Dist. LEXIS 109269 (M.D. Pa. Aug.
    7, 2014) ............................................................................................................. 17

## STATUTES

15 U.S.C. §77m ......................................................................................................... 6, 7

15 U.S.C. §78u-4(b)(3)(B) ........................................................................................... 19

28 U.S.C. §1658(b) ....................................................................................................... 9

28 U.S.C. § 2072(a), (b) .............................................................................................. 10

## OTHER AUTHORITIES

FRCP 15 ............................................................................... 3, 4, 5, 10, 13, 14, 15

LR 7.10 ......................................................................................................................... 3

*4 Wright & Miller, Federal Practice and Procedure* § 1056 (through
    2018 Supp.) ........................................................................................................ 8

Orrstown opposes SEPTA's Motion for Leave to File Third Amended Complaint ("TAC"), a pleading that would reassert claims dismissed twice by this Court.[1]

The three-year statute of repose in the 1933 Securities Act, and the 1934 Exchange Act's five-year statute of repose, bar SEPTA's attempt to reinstate the claims and the defendants dismissed by this Court in December 2016. More than nine years have passed since Orrstown's March 2010 public offering, and seven years since Orrstown disclosed a material weakness in its internal controls over financial reporting in March 2012. This is SEPTA's fourth attempt to bring a claim under the Securities Act and to state a claim under the Exchange Act against the previously dismissed defendants.

---

[1] On December 7, 2016, this Court dismissed all of SEPTA's Securities Act claims against all Securities Act defendants named in SEPTA's Second Amended Complaint -- including current and former Orrstown directors Anthony F. Ceddia, Jeffrey W. Coy, Mark K. Keller, Andrea Pugh, Gregory A. Rosenberry, Kenneth R. Shoemaker, Glenn W. Snoke, John S. Ward, and Joel R. Zullinger. The Court also dismissed SEPTA's Exchange Act claims against Zullinger, Shoemaker, Snoke, and Coy. (Doc. 127.) The Court's Memorandum and Order permitted SEPTA to proceed against Orrstown Financial Services, Inc., Orrstown Bank, Thomas R. Quinn, Jr., Bradley S. Everly, and Jeffrey W. Embly on an alleged theory of Exchange Act liability arising during the period April 2010 through December 2011. (Mem. at 25, Doc. 126.) This Brief opposes SEPTA's Motion for Leave on behalf of all Orrstown defendants, past and present (collectively, "Orrstown").

SEPTA commenced this case on May 25, 2012. (Doc. 1). On behalf of itself and a purported class, SEPTA alleged violations of the Securities Act in connection with Orrstown's March 2010 public offering, and violations of the Exchange Act relating to purchases of Orrstown stock made from March 24, 2010 to October 27, 2011.

SEPTA, with the parties' consent, filed a First Amended Complaint ("FAC") on March 4, 2013 (Doc. 40). The FAC also alleged violations of the Securities Act in connection with Orrstown's February 8, 2010 Registration Statement and the March 24, 2010 Prospectus Supplement, and violations of the Exchange Act during an alleged March 15, 2010 to April 5, 2012 class period. On June 22, 2015, the Court dismissed the FAC in its entirety but gave SEPTA leave to amend. (Doc. 92.)

On February 8, 2016, SEPTA filed its Second Amended Complaint ("SAC") (Doc. 101). The facts alleged in the SAC were essentially identical to those alleged in the FAC. However, with the benefit of information contained in a confidential June 3, 2015 subpoena served by the SEC in a non-public investigation, SEPTA tried to mold the alleged facts into a new theory of inadequate internal controls over financial reporting. Nevertheless, on December 7, 2016, the Court dismissed all of the Securities Act claims against all defendants,

and dismissed the Exchange Act claims against all but five of the Orrstown defendants named in the SAC, without giving any leave to amend.  (Doc. 127.)

The three-year statute of repose in the Securities Act, and the five-year statute of repose in the Exchange Act, are an absolute bar to the proposed TAC. For that reason, and because a new complaint at this inexcusably late date would prejudice existing defendants and those parties who were dismissed in 2016, the Court should deny SEPTA's motion for leave to file the TAC.

## I.    This is a proper case in which to deny leave to amend.

Leave to amend may be denied under FRCP 15 where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116-17 (3d Cir. 2003). *See also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273-74 (3d Cir. 2001) (affirming denial of amendment where motion was filed three years after complaint was filed, factual information underlying amendment had been known for two years, and judicial efficiency and interest in finality of litigation would be compromised).[2]

---

[2] In its Brief, SEPTA seems to ask for reconsideration of the Court's December 7, 2016 Order.  That request is untimely.  *See* LR 7.10 ("Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned.").

Furthermore, in actions subject to the PSLRA, leave to amend should not be given in a fashion that would frustrate the requirements of the statute. *See Cal. Public Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004) (affirming denial of leave to amend and noting "PLSRA's unique impact of narrowing application of [the Rule 15] standard in securities fraud cases"). Here, the proposed TAC is based on information that SEPTA acquired from discovery in the existing Exchange Act case, which began with Orrstown's first production of documents to SEPTA on March 9, 2017. SEPTA's attempted end-run around the PSLRA's pleading requirements and discovery stay would prejudice defendants. SEPTA is using discovery in the existing Exchange Act case to introduce dismissed claims and parties in a new complaint (the TAC) that would require retention of new experts and expanded discovery.

In addition to the Rule 15 considerations discussed above, some courts have treated a motion for leave to amend a claim dismissed with prejudice (like here) as equivalent to a motion for reconsideration or revision of the court's judgment under Rule 54(b). *See New York ex rel. Khurana v. Spherion Corp.*, No. 15 Civ. 6605, 2019 U.S. Dist. LEXIS 46153, (S.D.N.Y. Mar. 20, 2019) (attached as Tab 1). In those situations, the moving party must act "subject to the caveat that 'where litigants once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* at *7 (citing *Off. Comm.*

-4-

*of the Unsec. Creds. of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167

(2d Cir. 2003) (internal citations omitted)).  Unless SEPTA can point to "an

intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent a manifest injustice," this Court's December 7,

2016 decision cannot be altered.  *Id.*  Moreover, even if SEPTA could demonstrate

the existence of any of the above factors (which it cannot), they must be balanced

against the prejudice that filing the TAC would cause to the non-moving parties.

*Id.*

        As demonstrated below, SEPTA's motion for leave to amend under Rule 15

should be denied because:  (1) the proposed amendment is futile given that

SEPTA's Securities Act claims, and its Exchange Act claims against the

previously dismissed defendants, are time-barred under the applicable statutes of

repose; (2) the proposed TAC is unduly delayed; and (3) litigating the proposed

TAC would be unduly and substantially prejudicial to defendants.[3]

        In addition, to the extent that SEPTA's motion for leave to file the TAC is

equivalent to a Rule 54(b) request for revision of the Court's previous dismissal, it

must be denied because SEPTA has not and cannot demonstrate a change in the

---

[3] Other than the bar posed by statutes of repose and statutes of limitation, Orrstown
does not address the futility of the proposed amendment.  Orrstown will move to
dismiss the TAC in its entirety, however, if the Court grants SEPTA leave to file it.

controlling law, the discovery of genuinely new evidence, or any need to correct a

clear error or prevent manifest injustice.

## II.   **Filing SEPTA's proposed TAC would be futile.**

### A.   **The previously dismissed Securities Act claims are absolutely barred by the 1933 Act's statute of repose.**

Section 13 of the Securities Act contains a specific provision setting forth

when a claim must be brought and when claims under the Act become time-barred:

> No action shall be maintained to enforce any liability
> created under section 11 or section 12(a)(2) [15 USCS §
> 77k or § 77l(a)(2)] unless brought within one year after
> the discovery of the untrue statement or the omission, or
> after such discovery should have been made by the
> exercise of reasonable diligence, or, if the action is to
> enforce a liability created under section 12(a)(1) [15
> USCS § 77l(a)(1)], unless brought within one year after
> the violation upon which it is based. **In no event shall
> any such action be brought to enforce a liability
> created under section 11 or section 12(a)(1) [15 USCS
> § 77k or § 77l(a)(1)] more than three years after the
> security was bona fide offered to the public, or under
> section 12(a)(2) [15 USCS § 77l(a)(2)] more than three
> years after the sale.**

15 U.S.C. §77m (emphasis added).

As the Supreme Court recently held, Section 13's three-year bar is a statute

of repose, and "the text, purpose, structure and history of the statute all disclose the

congressional purpose to offer defendants full and final security after three years."

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, __ U.S.__, 137 S. Ct. 2042, 2052

(2017) ("*CalPERS*").  The three-year period is "absolute," "admits of no

exception," and "forecloses the statutory period based on equitable principles." *Id.*
at 2049, 2051 (statute "on its face creates a fixed bar against future liability").
Furthermore, "[t]he statute also runs from the defendant's last culpable act (the
securities offering), not from the accrual of the claim (the plaintiff's discovery of
the defect)." *Id.* at 2045.

The purpose of a statute of repose is "to give more explicit and certain
protection to defendants [and] 'effect a legislative judgment that a defendant
should be free from liability after the legislatively determined period of time.'" *Id.*
at 2049. The statute "protect[s] defendants against future liability" and "displaces
the traditional power of courts to modify statutory time limits in the name of
equity." *Id.* at 2055.

Nine years have passed since Orrstown's March 2010 public offering. Thus,
it is too late for SEPTA to reassert the dismissed Securities Act claims. *See id.* at
2045 ("The statute provides in clear terms that '[i]n no event' shall an action be
brought more than three years after the securities offering on which it is based. 15
U. S. C. §77m. This instruction admits of no exception and on its face creates a
fixed bar against future liability."). And, as the Supreme Court explained, a statute
of repose is not subject to tolling:

> The final analysis is straightforward. Because §13's 3-
> year time bar is a statute of repose, it displaces the
> traditional power of courts to modify statutory time limits
> in the name of equity. And because the *American Pipe*

-7-

> tolling rule is rooted in those equitable powers, it cannot
> extend the 3-year period. Petitioner's untimely filing of
> its individual action is thus ground for dismissal.

*Id*. at 2046. *See also 4 Wright & Miller, Federal Practice and Procedure* § 1056 at

241-242 (through 2018 Supp.) ("a critical distinction is that a repose period is fixed

and its expiration will not be delayed by estoppel or tolling").

*CalPERS* makes the filing of SEPTA's TAC a futile act because it compels

dismissal of the Securities Act claims that SEPTA is attempting to resurrect well

after the three-year statute of repose has run.[4]

**B.    The previously dismissed Exchange Act claims against Zullinger, Shoemaker, Snoke, and Coy are absolutely barred by the 1934 Act's statute of repose.**

A private action under the Exchange Act must be brought "not later than the

earlier of":

---

[4] SEPTA's 1933 Act claims are also time-barred by the Act's one-year statute of limitations. The 1933 Act claims were dismissed twice for failure to state a claim, the last time on December 7, 2016. The Court dismissed those claims as to all defendants, without granting SEPTA leave to amend. That dismissal was, therefore, final. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018) (where successive securities class actions were brought by the same or related plaintiff, held "that *American Pipe* tolling does not allow individuals who were named plaintiffs in an initial class action to toll their own statute of limitations"); *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir, 2005) (quoting *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983) ("'statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice' as 'the original complaint is treated as if it never existed'").

**(1)** 2 years after the discovery of the facts constituting the violation; or

**(2)** 5 years after such violation

28 U.S.C. §1658(b).

SEPTA is vague about when it contends the last alleged fraudulent act occurred. However, Orrstown made a "corrective" disclosure of a material weakness in internal controls on March 15, 2012, and on March 23, 2012, it disclosed its Written Agreement and Consent Order with the Bank's regulators. Moreover, the alleged class period runs until April 5, 2012 or, at the latest, April 26, 2012, and SEPTA has previously acknowledged that its last purchase of Orrstown stock was on May 9, 2011. SEPTA cannot state a 1934 Act claim more than five years after the last alleged violation, *i.e.*, after May 9, 2016 or, at the latest, April 26, 2017. As the five-year period is a statute of repose, there is no tolling for pending claims. *CalPERS, supra*, 137 S. Ct. at 2046. *See also North Sound Capital LLC v. Merck & Co.*, 702 Fed. Appx. 75, 77 (3d Cir. 2017) (cannot toll the statute of repose applicable to Exchange Act claims). SEPTA's attempt to reassert 1934 Exchange Act claims against Messrs. Zullinger, Shoemaker, Snoke, and Coy is time-barred and the proposed amendment is futile.[5]

---

[5] SEPTA's 1934 Act claims against Zullinger, Shoemaker, Snoke, and Coy are also time-barred by the Act's two-year statute of limitations. The Court dismissed the 1934 Act claims against those defendants twice, the last time on December 7, 2016, without granting SEPTA leave to amend. *See* n.4, *supra*.

## C.    **SEPTA may not assert relation back to evade a statute of repose.**

To avoid the statutes of repose, SEPTA may claim that it is entitled to have

the previously dismissed claims it is "reasserting" relate back to its Second

Amended Complaint under Rule 15 of the Federal Rules of Civil Procedure.  But a

statute of repose creates a substantive right to be free from liability.  *De Vito v.*

*Liquid Holdings Group, Inc.*, No. 15-6969, 2018 U.S. Dist. LEXIS 217963, *53

(D.N.J. Dec. 31, 2018) (attached at Tab 2).  Consequently, the Rules of Civil

Procedure cannot abridge that right by altering the protection provided by the

statute:

> because relation-back involves the application of a
> federal civil rule, Rule 15(c), it implicates the Rules
> Enabling Act. See 28 U.S.C. § 2072(b). The Act grants
> the Supreme Court "the power to prescribe general rules
> of practice and procedure," including the Federal Rules
> of Civil Procedure, but with an important limitation:
> Such rules "shall not abridge, enlarge or modify any
> substantive right." 28 U.S.C. § 2072(a), (b). Accordingly,
> the Rules Enabling Act forbids any interpretation of Rule
> 15(c) that would "abridge, enlarge or modify any
> substantive right," and "counsel[s] against adventurous
> application of" Rule 15(c), or indeed any federal rule.
> Ortiz v. Fibreboard Corp., 527 U.S. 815, 845, 119 S. Ct.
> 2295, 144 L. Ed. 2d 715 (1999).

*De Vito*, 2018 U.S. Dist. LEXIS 217963 at *63-*64.

In *De Vito,* the court found that although Rule 15(c) might be available to fix

an "inconsequential pleading error[]," it cannot "abridge one party's substantive

right to repose, and augment the other party's substantive right of recovery under

the securities laws." *Id.* at *65. The court stated that the "statute of repose is a

substantive limitation, albeit a time-based one, on the scope of the cause of action

itself," and held that Rule 15(c) could not "circumvent that substantive limitation."

*Id. See also Gould v. Schmidt & Kramer, P.C.*, No. 4:12-cv-0852, 2012 U.S. Dist.

LEXIS 85329, *6 (M.D. Pa. June 20, 2012) ("The Rules Enabling Act, which gives

the judicial branch the power to promulgate the [FRCP], requires that these rules

'not abridge, enlarge, or modify any substantive right.'") (attached at Tab 3).

    In *Silvercreek Mgmt. v. Citigroup, Inc.*, 248 F. Supp.3d 428, 451 (S.D.N.Y.

2017), the court stated that a statute of repose is a substantive right that cannot be

abridged by the relation back doctrine, and that it applies equally to new and

existing parties:

> Silvercreek would have the Court narrow this rule of no
> relation back in the face of a statute of repose to apply
> only to new parties seeking to intervene in an action.
> That is, because Silvercreek is "seeking to relate back to
> its own prior complaint," it contends, relation back raises
> no issue. (Dkt. No. 63 at 61.) However, this is a
> distinction without a difference, as the statute of repose
> creates a "substantive right" for a putative defendant to
> be free from suit for particular conduct after a certain
> period of time, whether the suit is brought by a new party
> or by a party with a lawsuit already pending.

*Id.* Here, SEPTA seeks to "reassert" the previously dismissed Securities Act

claims and Exchange Act claims asserted in the SAC. Those claims are barred by

the applicable statutes of repose.

**D.    The TAC is superfluous.**

Following the Court's December 7, 2016 Order, SEPTA obtained extensive

document discovery, ostensibly regarding the SAC's surviving Exchange Act

claims against five Orrstown defendants.  Even with the benefit of that discovery,

however, the TAC's allegations do not materially differ from SEPTA's previous

three attempts to convert allegedly bad management into violations of the federal

securities laws.

For example, SEPTA claims that the TAC's allegations about the bank's

loan portfolio and its 2009 internal loan review are based on new documents that

were not produced until November 2018.  In fact, however, Orrstown produced

documents in 2017 relating to the Azadi, Shaool and Mongold/Hickey loans –

including relevant emails and the loan files themselves.  And the SAC alleged in

February 2016 that Orrstown was using outdated or stale appraisals, *see* SAC at

¶¶7, 112(b), 120, 134, 156, and that Orrstown's 2009 Internal Loan Review was a

sham.  *See* SAC at ¶¶130-134 ("Internal Review was concocted to create the

impression that Defendants were carefully scrutinizing and assessing the Bank's

loan portfolio [but] the Internal Review was an utter failure . . . [and] was never

structured to nor capable of exposing the weaknesses and deterioration in the

Bank's portfolio or the Bank's imprudent and high risk lending.").

SEPTA cannot overcome the impediments to a motion for leave to amend under Rule 15, or the equivalent under Rule 54(b), by mere reference to a self-serving selection of documents pulled out of context from over 500,000 pages produced in discovery to date.  Furthermore, none of the allegedly new evidence constitutes anything approaching a "smoking gun" establishing any party's liability under the securities laws.  *See In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007).  And even if the documents produced in November 2018 were "new" evidence, the prejudice the TAC would cause the non-moving parties, *see* below, far outweighs any justification for its filing.

SEPTA cannot reassert any claims under the Securities Act or against the dismissed parties under the Exchange Act, and there is no need to plead more alleged "facts" in support of the Exchange Act claims against the existing five defendants.[6]  Filing the TAC would be a futile act and leave should not be granted.

## III.   The proposed TAC is unduly delayed.

Leave to amend should be denied under Rule 15 where the proposed pleading is unduly delayed.  *See Fraser*, 352 F.3d at 116-117.  Prejudice need not

---

[6] An amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Riley v. Taylor*, 62 F.3d 86, 92 (3d Cir. 1995) (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)).  *See Quarles v. Palakovich*, No. 3:07-cv-1905, 2011 U.S. Dist. LEXIS 122566, *4 (M.D. Pa. Oct. 24, 2011) (attached at Tab 4).

-13-

be shown for denial based on undue delay. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (identifying "truly undue or unexplained delay" as separate basis for denying leave to amend under Rule 15 even "[i]n the absence of substantial or undue prejudice"). Delay is "undue" when the movant has had earlier opportunities to amend. *Cureton*, 252 F.3d at 273 (citing *Lorenz*, 1 F.3d at 1414 (denying amendment where plaintiff "had numerous opportunities to correct any deficiencies . . . but failed to take advantage of them")); *Rolo v. City Investing Co. Liquid. Trust.*, 155 F.3d 644, 654-55 (3d Cir. 1998) (affirming district court rejection of second amended complaint where plaintiffs were repleading facts that could have been pleaded earlier). An undue delay in moving for leave to amend places "an unwarranted burden on the court." *Cureton*, 252 F.3d at 273 (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

Orrstown has engaged in massive, costly discovery for several years. The alleged facts justifying the TAC were (or could have been) known to SEPTA years ago, at least since 2017 when the documents Orrstown produced to the SEC (minus CSI) were given to SEPTA. SEPTA could have asked for leave to amend in 2017 or early 2018, and should not be permitted to file the proposed TAC at this late date. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (denial of motion to amend upheld where motion was filed a year after the date of the

initial pleading and the plaintiff was aware of the information on which proposed amendment was based).

## IV. **The proposed TAC is unduly prejudicial.**

The Third Circuit has held that in applying Rule 15, prejudice to the non-moving party is the "touchstone for the denial of an amendment." *Lorenz*, 1 F.3d at 1414. Leave to amend should be denied when the proposed amendment would cause undue prejudice to the opposing party. *See Cureton*, 252 F.3d at 274; *Insulation Corp. of Am. v. Huntsman Corp.*, No. 98-6336, 2000 U.S. Dist. LEXIS 481 (E.D. Pa. Jan. 18, 2000) (denying leave to amend where amendment would result in undue prejudice to non-moving party) (attached at Tab 5).

In deciding whether prejudice exists, this Court should look to the totality of the circumstances, including SEPTA's delay in requesting leave to amend, expenses incurred, discovery conducted, the length of the litigation, whether the amendment would require additional discovery or cost, and whether the amendment would result in the loss of any substantive rights. *See Tri-County Concerned Citizens Ass'n Carr.*, No. Civ. 98-CV-4184, 2000 U.S. Dist. LEXIS 17872, at *4 (E.D. Pa. Dec. 11, 2000) (denying plaintiffs' motion to amend where the court found prejudice "in light of the totality of the circumstances") (attached at Tab 6). *See also Rolo*, 155 F.3d at 655 (finding the duration of the case and the

-15-

substantial effort and expense in resolving motion to dismiss could constitute prejudice to defendants); *Cureton*, 252 F.3d at 273-74 (*supra*).

Here, all of the above considerations demonstrate that the non-moving parties will be substantially and unduly prejudiced if SEPTA is given leave to amend its complaint for the third time.

First, as noted above, SEPTA's motion is unduly delayed. This case has been pending for almost seven years and the alleged facts on which SEPTA relies were (or could have been) known to SEPTA by 2017. SEPTA had well over a year to file a motion for leave to amend, and should not be permitted to file the proposed TAC at this late date.

Second, substantial and costly discovery has already taken place. Orrstown has produced more than 500,000 pages of documents. Orrstown's consultants, whom SEPTA subpoenaed, likewise produced tens of thousands of pages of documents.[7] The production of these documents required Orrstown to expend substantial time and incur significant expense. If the Court permits SEPTA to amend its complaint again at this late stage, Orrstown would incur additional

---

[7] As the Court knows, many of the documents reviewed for production contained Confidential Supervisory Information ("CSI") which required Orrstown to painstakingly review and re-review documents, and provide them to the Federal Reserve and the Pennsylvania Department of Banking. This resulted in significant cost to Orrstown.

-16-

discovery expense. This is particularly true in light of SEPTA's effort to bring back the parties dismissed by the Court's December 7, 2016 Order.

Third, Orrstown has incurred significant expense in preparing and critiquing expert reports relating to class certification. Orrstown submitted expert reports in opposition to class certification for the limited claims permitted to go forward by the Court's December 7, 2016 Order.  Under the Court's August 15, 2017 Scheduling Order (Doc. 138), the parties exchanged expert reports on class certification on December 15, 2017 (affirmative reports) and on January 15, 2018 (rebuttal reports).

Orrstown now faces the prospect of having its expert prepare a new report and review additional materials to address the claims and parties SEPTA seeks to reintroduce in the TAC.  Requiring Orrstown to expend the time and incur this unnecessary expense would be prejudicial.  *See Williams v. Rider*, No. 1:12-cv-1566, 2014 U.S. Dist. LEXIS 109269, \*27 (M.D. Pa. Aug. 7, 2014) (denying leave to amend where "the initial complaint . . . was filed almost two years ago and the Court finds it would be inequitable to continue to deny the defense certainty regarding the claims they need to defend going forward") (attached at Tab 7).

In addition, shortly after exchanging expert reports, SEPTA's expert, Dr. Nejat Seyhun, had his expert opinion excluded as "unreliable" in another class action case.  *See In re Libor-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp.

-17-

3d 430, 488-489 (S.D.N.Y. 2018).  Orrstown expects that SEPTA will use the

additional discovery required by the TAC as an excuse to retain a different expert,

further increasing Orrstown's costs.

Fourth, permitting SEPTA to amend its complaint for the third time will

cause additional delay in the ultimate adjudication of this matter, making it harder

for Orrstown to defend the case.  The claims in the proposed TAC concern events

that allegedly occurred from 2008 to 2012.  As the years go by, memories relating

to pertinent events fade, documents are harder to find, and witnesses move or die.

Two of the previously dismissed parties, Mr. Coy and Mr. Rosenberry, have died.

Mr. Coy died on June 4, 2018.[8]  Mr. Rosenberry died on April 5, 2019.[9]  These

individuals, former Orrstown directors, are unable to defend themselves or

Orrstown.  Allowing SEPTA to amend its complaint yet again will push the

ultimate date of adjudication even farther down the road and prejudice Orrstown's

defense.

Fifth, allowing SEPTA to file the TAC would effectively permit it to

circumvent the PSLRA.  Congress enacted the PSLRA with to curb abusive

securities litigation practices. *Spina v. Refrigeration, Serv. & Eng'g.*, No. 14-4230,

2014 U.S. Dist. LEXIS 142358 (E.D. Pa. Oct. 7, 2014) (attached at Tab 8).  One of

---

[8] http://obits.pennlive.com/obituaries/pennlive/obituary.aspx?pid=189221130
[9] https://cumberlink.com/lifestyles/announcements/obituaries/gregory-a-rosenberry/article_e25f7fb7-7c85-5ac5-b0cc-486cbac0fb0e.html

-18-

the chief concerns addressed in the PSLRA was plaintiffs' tactic of using discovery as a "fishing expedition" to come up with claims not alleged in the complaint. *Id.* To prevent the filing of frivolous securities lawsuits and protect against the excessive costs and burdens of discovery, Congress incorporated an automatic stay provision into the PSLRA that prohibits "all discovery" while a motion to dismiss is pending. *Id.* (citing 15 U.S.C. §78u-4(b)(3)(B)). This provision enables the court to determine the legal sufficiency of the complaint before authorizing discovery, thereby eliminating some of the abusive practices. *Id.*

Here, the proposed TAC was prepared in violation of the PSLRA's automatic stay. The claims that SEPTA seeks to resurrect were dismissed by the Court's December 7, 2016 Order. SEPTA moved forward with the litigation, including taking discovery from Orrstown and third parties. Orrstown expected that, consistent with the PSLRA, SEPTA's discovery requests would relate to the SAC's surviving claims (*i.e.*, the Exchange Act claims against five Orrstown defendants). Orrstown had no reason to expect, and SEPTA did not disclose, that its discovery requests were aimed at resurrecting the dismissed claims and parties.

By seeking discovery from Orrstown and third parties for the purpose of attempting to revive the dismissed claims, SEPTA is effectively circumventing the PSLRA. *See In re Petrobras Sec. Litig.*, 14-cv-9662, 2016 U.S. Dist. LEXIS 76844 (S.D.N.Y. May 4, 2016) at *33 (denying leave to amend because granting

-19-

leave "would amount to an end-run around the PSLRA" where amended complaint contained allegations derived from discovery) (attached at Tab 9). It would be unfair and contrary to the letter and the spirit of the PSLRA to permit SEPTA to use the discovery gained from Orrstown and third parties to reassert the dismissed claims.

## V. Conclusion.

SEPTA has repeatedly failed to state a Securities Act claim, and now it is simply too late to do so. The proposed amendment is time-barred by the Securities Act's statute of repose.

Similarly, SEPTA cannot reassert Exchange Act claims against Messrs. Zullinger, Shoemaker, Snoke, Coy, or other dismissed parties. Those claims are time-barred by the Exchange Act's statute of repose.

Furthermore, permitting the TAC to be filed now, seven to nine years after the alleged liability-creating conduct, would substantially prejudice the non-moving parties.

It is time to close the pleadings and move on. SEPTA's Motion for Leave to File Third Amended Complaint should be denied.

22654371v.2

Dated:  April 25, 2019

Respectfully submitted,

WHITE AND WILLIAMS LLP


/s/ David J. Creagan
David J. Creagan
Justin K. Fortescue
David E. Edwards

*Attorneys for Orrstown*

## <u>LR 7.8(b)(2) Word-Count Certificate</u>

I, David J. Creagan, hereby certify that the foregoing Orrstown's Brief in Opposition to SEPTA's Motion for Leave to File Third Amended Complaint -- excluding the proposed Order, caption page, the tables of contents and authorities, and this Certificate and the Certificate of Service -- contains 4,931 words, as determined by the word count feature of Microsoft Word, the word-processing system used to prepare the Brief.

Dated:  April 25, 2019                    WHITE AND WILLIAMS LLP

                                          BY: <u>/s/  David J. Creagan      </u>

## CERTIFICATE OF SERVICE

I, David J. Creagan, hereby certify that on this 25th day of April 2019, the foregoing Orrstown's Brief in Opposition to SEPTA's Motion for Leave to File Third Amended Complaint was served electronically on all counsel of record by filing in the Court's ECF system, and that it is available for viewing on and downloading from the ECF system.

Dated: April 25, 2019                    WHITE AND WILLIAMS LLP

                                         BY: /s/ David J. Creagan

22654371v.2