**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:12-cv-00993** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **ORRSTOWN FINANCIAL SERVICES, INC., et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, on this 17th day of July 2020, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT**:

1. The Orrstown Defendants' Motion for Certification of Interlocutory Appeal (Doc. No. 201) and Defendants Sandler O'Neill & Partners, L.P., Janney Montgomery Scott LLC, and Smith Elliott Kearns & Co. LLC's Motion for Certification of Interlocutory Appeal (Doc. No. 202) are **GRANTED**; and

2. The Court's February 14, 2020 Order (Doc. No. 198) is **AMENDED**, in accordance with 28 U.S.C. § 1292(b), to include the following language:

> This Order involves a controlling question of law as to which there is substantial grounds for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of this litigation.

**IT IS FURTHER ORDERED THAT** the following controlling question of law is **CERTIFIED** to the United States Court of Appeals for the Third Circuit for interlocutory appeal:

> Do previously-dismissed Securities and Exchange Act claims in this multi-party, multi-claim action remain subject to amendment pursuant to the provisions of Federal Rule of Civil Procedure 54(b), or did the previous dismissal of those claims end the "action" with regard to those claims, such that any future amendment of those claims would be subject

to the relevant statute of repose?

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania