IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,** on behalf of itself and all others similarly situated, | : : : : : | No. 1:12-cv-00993 |
| **Plaintiff** | : : | (Judge Kane) |
| v. | : : | |
| **ORRSTOWN FINANCIAL SERVICES, INC., et al.,** | : : | |
| **Defendants** | : | |

**ORDER**[1]

**AND NOW**, on this 1st day of February 2023, in accordance with the Memorandum issued concurrently with this Order, **IT IS ORDERED THAT** Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA")'s Unopposed Motion for Entry of Order Preliminarily Approving Settlement, Establishing Notice Procedures, and Setting Settlement Hearing Date (Doc. No. 295) is **GRANTED** as follows:

1. The Court preliminarily approves the Stipulation and Agreement of Settlement, i.e., the Stipulation, presented by the parties as fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below;

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court preliminarily certifies the following Class: All Persons who purchased or otherwise acquired the common stock of Orrstown Financial Services, Inc. during the Class Period, which is defined as the period from March 15, 2010, through April 26, 2012, inclusive. Excluded from the Class are:

---

[1] To avoid ambiguity, the Court notes that the Order set forth herein is derived from the parties' proposed "Order Preliminarily Approving Settlement and Providing for Notice" filed in connection with the instant motion for preliminary approval of settlement. (Doc. No. 295-1.) As to capitalized terms used in this Order, the Court incorporates the definitions provided by the parties in their proposed Stipulation and Agreement of Settlement ("Stipulation"). (Doc. No. 297-1 at 2-39.)

      a.      Defendants and their families, officers, affiliates, entities in which they have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party; and

      b.      Any Person who timely and validly request exclusion from the Class, pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Class Members pursuant to this Order. The Notice is Exhibit A-1 to the Stipulation;

3. The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiff's claims are typical of those of the Class; (d) Plaintiff and Lead Counsel have fairly and adequately represented the Class's interests and will continue to do so; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient administration of the controversy;

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff is preliminarily certified as Class Representative and Lead Counsel Chimicles Schwartz Kriner & Donaldson-Smith LLP is preliminarily certified as Class Counsel;

**Settlement Hearing**

5. A hearing ("Settlement Hearing") shall be held before this Court on **May 19, 2023 at 10:00 AM** at the United States District Court for the Middle District of Pennsylvania, Sylvia H. Rambo United States Courthouse, Harrisburg, Pennsylvania, in a courtroom to be determined,[2] to resolve: whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved; whether the proposed Final Judgment and Order of Dismissal with Prejudice, as provided under the Stipulation, should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; whether the Class should be finally certified for purposes of the Settlement only; whether Plaintiff and Lead Counsel should be finally appointed as Class Representative and Class Counsel, respectively, for purposes of the Settlement only; the amount of fees and litigation expenses that should be awarded to Lead Counsel; and such other matters relating to this Settlement as may properly be before the Court;

---

[2] The United States District Court for the Middle District of Pennsylvania is currently scheduled to move from the Ronald Reagan Federal Building and United States Courthouse to the new Sylvia H. Rambo United States Courthouse during the first two weeks of April 2023.

6. The Court may hold the Settlement Hearing by telephone or other means, including by using videoconferencing technology, and may adjourn the Settlement Hearing without further notice to Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in paragraph five (5) of this Order and any new date/time will be promptly posted on the Claims Administrator's website upon being ordered;

7. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement;

8. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class;

**Notice and Claims Administration**

9. Pursuant to Fed. R. Civ. P. 23(c), the firm of Kroll Settlement Administration, LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below;

10. Not later than twenty-one (21) calendar days after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim and Release form, substantially in the forms annexed to the Stipulation, by First-Class Mail to all Class Members who can be identified with reasonable effort, utilizing the Orrstown Notice List (to the extent such records are retrievable by the transfer agent(s)) and proprietary lists maintained by the Claims Administrator of banks, brokers and other nominees. In the Notice, the nominees will be directed to provide names and addresses to the Claims Administrator or will request copies of the Notice/Claim Form that they will mail to their customers;

11. Not later than twenty-one (21) calendar days after the Court signs and enters this Order, the Claims Administrator shall cause the Notice and Proof of Claim and Release form to be posted on a website created for this Settlement located at www.orrstownsecuritiessettlement.com;

12. Not later than twenty-eight (28) calendar days after the Court signs and enters this Order, the Claims Administrator shall cause the publication of the Summary Notice to Investor's Business Daily and disseminate the Summary Notice using PRNewswire, a national newswire service;

3

13. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing;

14. Brokers or other nominees who purchased or otherwise acquired Orrstown Financial Services, Inc. common stock for the beneficial ownership of Class Members during the Class Period shall be requested to send the Notice and the Proof of Claim and Release form to all such beneficial owners within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners. Additional copies of the Notice and Proof of Claim and Release form shall be made available to any nominee requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse out of the Settlement Fund nominees' administrative costs actually incurred in connection with forwarding the Notice and which costs would not have been incurred but for the obligation to forward the Notice, in an amount up to $0.20 per record plus postage (if applicable), and only upon submission of appropriate documentation to the Claims Administrator, and subject to further Order of this Court with respect to any dispute concerning such reimbursement;

15. The form and content of the notice program, and the methods for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation, described herein in ¶¶ 9-14 of this Order:

    a. meet the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, and the Rules of this Court;

    b. constitute the best notice to Class Members practicable under the circumstances;

    c. are reasonably calculated, under the circumstances, to apprise the Class Members of (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Class; and

   d. are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled thereto;

**Effect of Final Judgment**

16. All Class Members (which excludes Persons who timely and validly request exclusion pursuant to paragraph twenty-one (21) below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund;

**Proof of Claim and Release**

17. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than one hundred twenty (120) calendar days from the Notice Date. Any Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund but shall nonetheless be bound by entry of the final Judgment by the Court. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, but shall not incur any liability for declining to do so;

18. The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed, and submitted in a timely manner; (ii) it must be accompanied by adequate supporting documentation for the transactions in Orrstown Financial Services, Inc. common stock reported therein, in the form of broker confirmation slips, bank account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member it must be included therein; (iv) it must be completed and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury;

19. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter, as appropriate, describing the basis on which the claim was so determined. If any claimant whose claims have been rejected in whole or in part wishes to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's ground for contesting the rejection along with any supporting documentation. If an issue concerning a claim cannot be otherwise resolved, the claimant may thereafter present the request for review to the Court;

20. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all Released Claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing any Proof of Claim;

**Request for Exclusion**

21. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class;

    a. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") by First-Class Mail such that it is postmarked no later than twenty-one (21) calendar days before the Settlement Hearing. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) information on the Person's purchases, acquisitions, and sales of Orrstown Financial Services, Inc. common stock during the Class Period; and (c) that the Person wishes to be excluded from the Class. A Person submitting a Request for Exclusion shall provide supporting documentation for the Person's transactions in Orrstown Financial Services, Inc. common stock reported therein, such as broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel. The Request for Exclusion shall not be effective unless it provides the required information and is made within the timeframe stated above, or the exclusion is otherwise accepted by the Court;

    b. All Persons who submit valid and timely Requests for Exclusion in a manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. The Claims Administrator shall promptly send any and all Requests for

    Exclusion to Lead Counsel, who will promptly send the Requests for Exclusion to Defendants' Counsel; and

  c. Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to five (5) calendar days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in paragraph 21a;

**Commenting on or Objecting to the Settlement**

22. Any Class Member may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel;

23. Any Class Member who does not timely and validly request exclusion may appear and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded; provided, however, that as to an objection:

  a. No Class Member or any other Person shall be heard or entitled to object to such matters unless that Person has (i) delivered by hand or sent by First-Class Mail written objections, including copies of any papers and briefs in support of such objections, such that they are received (not just postmarked) on or before a date twenty-one (21) calendar days before the Settlement Hearing to: Lead Counsel, Chimicles Schwartz Kriner & Donaldson-Smith LLP, 361 West Lancaster Avenue, Haverford, Pennsylvania 19041, and, on behalf of Defendants, White and Williams, LLP, 1650 Market Street, Suite 1800, Philadelphia, Pennsylvania 19103, who will promptly deliver any such objections to all Defendants' Counsel; and (ii) filed any such objections, papers, and briefs with the Clerk of the United States District Court for the Middle District of Pennsylvania, Ronald Reagan Federal Building and United States Courthouse, 228 Walnut Street, Harrisburg, PA 17101, on or before a date twenty-one (21) calendar days before the Settlement Hearing;

  b. Any objection must: (i) state the name, address, and telephone number of the objector submitting the objection and be signed by the objector (even if the objector is represented by counsel); (ii) state whether the objector is a Class Member; (iii) include documents sufficient to prove the objector's membership in the Class, such as documents sufficient to show the number of Orrstown Financial Services, Inc. common shares purchased or acquired during the Class Period, as well as the dates and prices of each such purchase or acquisition; (iv) state what the objector is objecting to,

7

|   |   |
|---|---|
|   | such as the proposed Settlement, the Plan of Allocation, or Plaintiff's Fee and Expense Application; (v) state the objection(s) and the specific reasons for each objection, including legal and evidentiary support the objector wishes to bring to the Court's attention; (vi) state with specificity whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (vii) state whether the objector is represented by counsel; and (viii) identify any other class actions to which either the objector or their counsel has previously objected within the preceding five (5) years; |
| c. | The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements; |
| d. | Any Class Member who does not make their objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court; |
| e. | Attendance at the Settlement Hearing is not necessary.  Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Plaintiff's Fees and Expense Allocation, must file a written objection and indicate in the written objection their intention to appear at the Settlement Hearing; and |
| f. | Any Class Member who decides to hire an attorney to represent them will do so at their own expense, and that attorney must file a notice of appearance with the Clerk's Office and serve it on Counsel in the manner set forth in paragraph 23a.; |

**Escrow Account**

24. All funds held by the Escrow Agent in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court;

25. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and Plaintiff's Fee and Expense Application, shall be filed and served by a date thirty-five (35) calendar days before the Settlement Hearing. Replies to any objections shall be filed and served a date seven (7) calendar days before the Settlement Hearing;

26. Neither Defendants and their Related Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation, or any request for attorneys' fees or

    expenses by Plaintiff's Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement;

27.     At or after the Settlement Hearing, the Court shall determine whether to approve the Plan of Allocation proposed by Lead Counsel and Plaintiff's Fee and Expense Application;

**Notice and Claim Administration**

28.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  If the Settlement is not approved by the Court or otherwise fails to become effective, neither Plaintiff nor its Counsel shall have any obligation to repay any amount incurred and properly disbursed pursuant to ¶¶ 2.8, 2.10, 5.4, 5.6 of the Stipulation;

**No Admission**

29.     Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in this Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding;

30.     Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Released Parties and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**Additional Matters**

31.     If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties status quo ante as set forth in ¶ 7.6 of the Stipulation;

32.     Until otherwise ordered by the Court, the Court shall stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the

        proposed Settlement should be approved, neither Plaintiff nor any Class Members, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims; and

33.    The Court retains exclusive jurisdiction over this litigation to consider all further matters arising out of or connected with the Settlement.

 

                                      <u>s/ Yvette Kane</u>
                                      Yvette Kane, District Judge
                                      United States District Court
                                      Middle District of Pennsylvania