UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORRSTOWN FINANCIAL SERVICES, INC., ORRSTOWN BANK, ANTHONY F. CEDDIA, JEFFREY W. COY, MARK K. KELLER, ANDREA PUGH, THOMAS R. QUINN, JR., GREGORY A. ROSENBERRY, KENNETH R. SHOEMAKER, GLENN W. SNOKE, JOHN S. WARD, BRADLEY S. EVERLY, JOEL R. ZULLINGER, JEFFREY W. EMBLY, SMITH ELLIOTT KEARNS & COMPANY, LLC, SANDLER O'NEILL & PARTNERS L.P., and JANNEY MONTGOMERY SCOTT LLC,<br><br>Defendants. | Civil Action No. 1:12-cv-00993<br><br>CLASS ACTION<br><br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br><br>**EXHIBIT B TO STIPULATION AND AGREEMENT OF SETTLEMENT** |

**WHEREAS**, this matter came before the Court for a Settlement Hearing on May 19, 2023, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice (Doc. No. 300) and accompany Memorandum (Doc. No. 299) dated February 1, 2023 ("February 1, 2023 Memorandum and Order"), and on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (Doc.

No. 301) ("Motion for Final Approval"), seeking approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated as of December 7, 2022 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the February 1, 2023 Memorandum and Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. This Final Judgment and Order of Dismissal with Prejudice ("Judgment") incorporates by reference: (a) the Stipulation; (b) the Notice, Summary Notice, and Declaration of the Claims Administrator with respect to Notice, all filed with this Court; and (c) the February 1, 2023 Memorandum and Order. All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the February 1, 2023 Memorandum and Order and finally certifies, for purposes of settlement only, a Class defined as: All Persons who purchased or otherwise acquired the common stock of Orrstown Financial Services, Inc. during the Class Period, which is defined as the period from March

15, 2010 through April 26, 2012, inclusive. Excluded from the Class are:

    a. Defendants and their families, officers, affiliates, entities in which they have or had a controlling interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded party; and,

    b. Those Persons who timely and validly request exclusion from the Class who are listed on Exhibit 1 hereto as having submitted an exclusion request allowed by the Court.

4. The Court hereby affirms its determination in the February 1, 2023 Memorandum and Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class; (c) Plaintiff's claims are typical of those of the Class; (d) Plaintiff and Lead Counsel have fairly and adequately represented the Class's interests and will continue to do so; (e) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the

February 1, 2023 Memorandum and Order and finally appoints Lead Plaintiff SEPTA as Class Representative and Lead Counsel Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel.

6. The Notice of Pendency and Proposed Settlement of Class Action ("Notice") given to the Class was the best notice practicable under the circumstances, including the individual notice to all Class Members who could be identified through reasonable effort. The Notice provided the best notice practicable to Class Members under the circumstances of those proceedings and of the matters set forth in the Notice, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable laws. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

7. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the Settlement Hearing. There have been no objections to the Settlement.

8.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determinations in the February 1, 2023 Memorandum and Order and grants Plaintiff's Motion for Final Approval (Doc. No. 301), fully and finally approving the Settlement set forth in the Stipulation in all respects and finding that:

   a. the Stipulation and Settlement contained therein are, in all respects, fair, reasonable, adequate and in the best interest of the Class;

   b. the Stipulation and Settlement were the result of informed, serious, extensive arm's-length among experienced counsel following mediation under the direction of an experienced mediator;

   c. there was not collusion in connection with the Stipulation; and,

   d. the record is sufficiently developed and compete to have enabled Plaintiff and Defendants to have adequately evaluated and considered their positions.

9.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims with prejudice.

10. The Settling Parties are to bear their own costs, except as and to the

extent provided in the Stipulation and herein.

11. The Releases set forth in Section IV.4 of the Stipulation, together with the definitions contained in the Stipulation relating thereto in Section IV.1, are expressly incorporated herein by reference. Accordingly, this Court orders that:

    a. Upon the Effective Date of the Settlement, by operation of this Judgment, Plaintiff's Released Parties shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants' Released Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any of the Defendants' Released Parties in any jurisdiction.

    b. Upon the Effective Date of the Settlement, by operation of this Judgment, Defendants shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Plaintiff's Released Parties, and against each other, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any of the Plaintiff's Released Parties and against each other, in any jurisdiction.

    c. Nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or the Judgment.

12. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding Plaintiff's Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

13. The Settlement, the Stipulation (whether or not consummated) and the Exhibits hereto, including the contents thereof, the negotiations leading to the execution of the Stipulation and the Settlement, any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith), and any communication relating thereto, are not evidence, nor an admission or concession by any Settling Party or its counsel, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.

14. Neither the Settlement, the Stipulation, the Plan of Allocation contained therein, the negotiations leading to the execution of the Stipulation and the Settlement, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered

in connection therewith), nor any communication relating thereto, shall be:

    a. offered or received against any Settling Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Settling Party of the truth of any allegations by Plaintiff, or the validity of any claim or defense that has been or could have been asserted in the Litigation, or the validity or deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than the Settlement; or,

    b. offered or received against any Settling Party as evidence of a presumption, concession, or admission of any fault, misrepresentations, or omission, the absence of any fault, misrepresentation, or omission, with respect to any statement or written document approved or made by any Defendant, or against Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Plaintiff and the Class.

    15. However, the Settling Parties may reference or file the Stipulation and/or Judgment from this Action in any other action that may be brought against them in order to (a) effectuate the Releases granted them hereunder; and (b) support

a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Defendants have denied and continue to deny liability and maintain that they have meritorious defenses and have represented that they entered into the Settlement solely in order to avoid the cost and burden of litigation.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation; (e) Class Members for all matters relating to the Action; and (f) other matters related or ancillary to the foregoing. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

18. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. If the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with the Stipulation.

20. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**IT IS SO ORDERED.**

DATED:   May 19, 2023

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

# **EXHIBIT 1**
# **PERSONS EXCLUDED FROM THE CLASS**

(1) Darlene Boll
(2) Kay E. and Daniel E. Miller