UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORRSTOWN FINANCIAL SERVICES, INC., ORRSTOWN BANK, ANTHONY F. CEDDIA, JEFFREY W. COY, MARK K. KELLER, ANDREA PUGH, THOMAS R. QUINN, JR., GREGORY A. ROSENBERRY, KENNETH R. SHOEMAKER, GLENN W. SNOKE, JOHN S. WARD, BRADLEY S. EVERLY, JOEL R. ZULLINGER, JEFFREY W. EMBLY, SMITH ELLIOTT KEARNS & COMPANY, LLC, SANDLER O'NEILL & PARTNERS L.P., and JANNEY MONTGOMERY SCOTT LLC,<br><br>Defendants. | Civil Action No. 1:12-cv-00993<br><br>CLASS ACTION<br><br>**ORDER GRANTING LEAD COUNSEL AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

**WHEREAS**, this matter came before the Court pursuant to Lead Plaintiff's Motion For An Award of Attorneys' Fees and Reimbursement of Litigation Expenses (Doc. No. 303) ("Fee and Expense Application"), in connection with the presentment for approval of the Settlement set forth in the Stipulation and Agreement of Settlement (including exhibits thereto), dated as of December 7, 2022

(the "Stipulation") (Doc. No. 297-1).

The Court having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.      This Order incorporates by reference: (a) the Stipulation and (b) the Court's February 1, 2023 Memorandum and Order preliminarily approving the Settlement (Doc. Nos. 299–300) ("February 1, 2023 Memorandum and Order"). All terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and this Order, and over all parties to the Action, including all Members of the Class.

3.      Pursuant to Federal Rule of Civil Procedure 23(h), for their work in litigating the Action and securing the Settlement for the benefit of the Class, the Court grants the Fee and Expense Application (Doc. No. 303) and orders the payment of the following Fee and Expense Award to Lead Counsel:[1]

---

[1] In considering Lead Plaintiff's Fee and Expense Application, and pursuant to relevant precedent, the Court has assessed the relevant ten factors in determining that the "percentage fee award" of the Settlement Fund is reasonable.  See In re Diet Drugs, 582 F.3d 524, 541 (3d Cir. 2009) (setting forth factors, noting that the factors should not be applied formulaically, and indicating that in some cases, one factor may outweigh the other factors).

First, the size of the fund ($15 million plus accrued interest) is commensurate with the proposed fee award (35% of the Settlement Fund plus accrued interest) given that the fund represents a substantial recovery of 29–36% of the maximum damages recoverable by the Class at trial as estimated by Lead Plaintiff's expert.  (Doc. No. 305 ¶¶ 83–84); cf. Stop & Shop Supermarket

      (i)      a fee award of 35 % of the Settlement Fund, which is $5,250,000; and,

      (ii)      reimbursement of their litigation expenses in the amount of

---

Co. v. SmithKline Beecham Corp., 03-cv-04578, 2005 WL 1213926, at *9 (E.D. Pa. May 19, 2005) (citing Third Circuit case law to note that fee awards in cases involving substantial fund recoveries, such as a "mega fund" cases involving $100 million class action recoveries, ordinarily require a decrease in awarded attorneys' fees). Second, no class member has objected to the settlement terms or proposed fee award. (Doc. No. 306-1 ¶¶ 5–6); see Louisiana Mun. Police Emps. Ret. Sys. v. Sealed Air Corp., No. 03-cv-04372, 2009 WL 4730185, at *5 (D.N.J. Dec. 4, 2009) ("[R]eaction of the class is perhaps the most significant factor to be weighed in considering its adequacy." (internal quotation marks omitted)). Third, the skill and efficiency of the attorneys involved is high considering, e.g., the complexity and demands of this action and counsel's handling of the same. Fourth, the complexity of this years-long litigation, which involved extensive briefing on multiple motions to dismiss, significant discovery, and an interlocutory appeal, cannot be overstated. Fifth, "[b]ecause this case involves an unclear and complex area of the law, the risk of nonpayment is relatively high," and "[a] fee of [about] one-third of the settlement is appropriate to compensate counsel for risks [the attorneys] took to secure significant benefits for the class." See Creed v. Benco Dental Supply Co., No. 3:12-cv-01571, 2013 WL 5276109, at *6 (M.D. Pa. Sept. 17, 2013). Sixth, Lead Counsel have undoubtedly expended countless hours devoted to moving this case forward and, ultimately, facilitating a settlement. Seventh, the proposed fee award here falls within the range of appropriate awards in similar cases. See McIntyre v. RealPage, Inc., No. 18-cv-03934, 2023 WL 2643201, at *3 (E.D. Pa. Mar. 24, 2023) (collecting cases reflecting that a 35% fee award is generally within an appropriate range). The eighth and tenth factors—the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, and any innovative terms of settlement—are at best neutral. As to the ninth factor, it does appear that "a one-third contingency fee arrangement is not out of the ordinary in a complex case like this one." Cf. In re Fasteners Antitrust Litig., No. 08-MD-1912, 2014 WL 296954, at *7 (E.D. Pa. Jan. 27, 2014). All pertinent factors support the Court's approval of a fee award of 35% of the Settlement Fund.

In addition, the Fee and Expense Application seeks reimbursement of a variety of litigation expenses incurred by Lead Counsel—including court filings, research costs, electronic document review and discovery vendors, and costs for investigators, consultants, and experts—for a total amount of $717,488.55 (plus accrued interest). The Fee and Expense Application is supported by documentation of these expenses in the form of a Declaration from Attorney Kimberly Donaldson-Smith. (Doc. No. 305 ¶¶ 110–12.) Given the complexity of this case and its lengthy duration, the Court finds nothing unreasonable or excessive in these expenses. Accordingly, it concludes that litigation expenses in the amount of $717,488.55 were reasonably incurred by Lead Counsel in connection with this action. See Fed. R. Civ. P. 23(h).

$717,488.55; plus,

(iii) the proportionate amount of interest that has accrued on the awarded amounts from the inception of the Settlement Fund, through the date of payment from the Settlement Fund.

4. The Fee and Expense Award shall be paid to Lead Counsel solely from the Settlement Fund and in accordance with Paragraphs 6.2 – 6.5 of the Stipulation.

5. In accordance with Paragraph 6.4 of the Stipulation, any appeal or proceeding relating to this Order or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

**IT IS SO ORDERED.**

DATED: May 19, 2023

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania